# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **ANGELA HAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** 1:21-cv-203-HSO-JCG |
| ) | |
| **SILVER SLIPPER CASINO VENTURE,** ) | |
| **LLC, d/b/a Silver Slipper Casino and** ) | |
| **Fictitious Defendant employee "A,"** ) | |
| **whether singular or plural, those other** ) | |
| **persons, corporations, firms or other entities** ) | |
| **whose wrongful conduct caused or** ) | |
| **contributed to cause the injuries and** ) | |
| **damages to Plaintiff, all of whose true and** ) | |
| **correct names are unknown to Plaintiff at** ) | |
| **this time, but will be added by amendment** ) | |
| **when ascertained,** ) | |
| ) | |
| **Defendants.** ) | |

## SILVER SLIPPER CASINO VENTURE, LLC'S NOTICE OF REMOVAL

**COMES NOW** Defendant, Silver Slipper Casino Venture, LLC ("Silver Slipper"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal to this Honorable Court and states as follows:

PROCEDURAL BACKGROUND

1. Plaintiff Angela Hay ("Plaintiff" or "Hay") filed a Complaint on May 5, 2021, against Silver Slipper in the County Court of Hancock County, Mississippi.

2. In her Complaint, Plaintiff alleges that she suffered injuries on August 6, 2020, when she was struck in the knee by a chair while playing on a slot machine in the Silver Slipper Casino in Bay St. Louis, Mississippi, and asserted negligence claims against the Defendants.

3. Silver Slipper was served the summons and Complaint via private process server on May 12, 2021.

4. The documents attached hereto as "Exhibit A" constitute all of the process, pleadings, and orders served upon Silver Slipper in the state court action, and are submitted herewith pursuant to 28 U.S.C. § 1446. There are no other process, pleadings, or orders properly served upon Silver Slipper to date in connection with this case.

5. Silver Slipper has not pled, answered, or otherwise appeared in the state court action.

6. Pursuant to 28 U.S.C. § 1446(b), Silver Slipper files this Notice of Removal within thirty (30) days of its receipt of the summons and Complaint.

7. No other Defendant has sought similar relief in this action.

## PARTIES

8. Plaintiff is a resident citizen of Mississippi.

9. Silver Slipper Casino Venture, LLC is a single member limited liability corporation, wholly owned by Full House, Inc., a Delaware corporation with its principal place of business in Nevada. For purposes of diversity jurisdiction, Silver Slipper is a citizen of Nevada and Delaware. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members"); *see also* 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

10. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

11. This Court has subject matter jurisdiction over this controversy involving parties of diverse citizenship pursuant to 28 U.S.C. § 1332(b). Complete diversity exists among the parties to this action: Hay is a resident citizen of Mississippi, and Silver Slipper is a citizen of Delaware and Nevada.

12. Although the Plaintiff seeks an unspecified amount in damages, Defendant shows that Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (holding that the district court did not err in concluding that the plaintiff's claim exceeded $75,000 based on the allegations in the complaint, which included "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization").

13. The removing party bears the burden of proof to establish the prerequisites for federal jurisdiction upon removal of a case from state court. *See St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). With respect to the amount in controversy, several district courts within the Fifth Circuit have considered pre-suit demand letters as evidence of the amount in controversy at the time of removal. *See Creppel v. Fred's Stores of Tennessee, Inc.*, 2019 WL 3490927, at *3 (E.D. La. July 10, 2015); *Carver v. Wal-Mart Stores, Inc.*, 2008 WL 2050987, at *2 (E.D. La. May 13, 2008); and *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F.Supp. 969, 970-71 (E.D. La. 1995).

14. Attached hereto is a "Settlement Package" received from Plaintiff's counsel on or about March 4, 2021. *See* Exhibit B. The injuries ostensibly sustained by Ms. Hay as a result of the August 6, 2020 incident at the Silver Slipper Casino are cataloged therein. Ms. Hay was alleged to have sustained injuries to her right knee which required cortisone injection, x-rays and MRI, several weeks of physical therapy and use of a brace. Total medical expenses claimed exceed $9,000.00. Ms. Hay also seeks lost wages in the amount of $500.00, as well as mileage incurred to and from medical care and treatment. Nonpecuniary damages are also claimed; reference is made to physical and mental stress, as well "considerable pain for months." This includes

3

interrupted sleep patterns, diminished quality of life and inability to participate in "the activities that bring her joy in her life." Based on the economic and nonpecuniary damage elements, a demand of $50,000.00 was made.

15. Later, when the Complaint was filed, Plaintiff included a demand for punitive damages based on the alleged "oppressive conduct, gross negligence, wanton, reckless disregard for the safety of others…," allegedly exhibited by the Defendant herein. *See* Complaint, at ¶ 17.

16. The Mississippi Supreme Court continues to hold that there is no "hard and fast rule" for measuring the maximum award of punitive damages in a particular case. *See Sessums v. Northtown Limousines, Inc.*, 664 So.2d 164, 169 (Miss. 1995). In its decision in *Gentiva Certified Healthcare Corp. v. Rayborn*, 2016 WL 164322 (S.D. Miss. January 2013, 2016), the court referenced a possible 6:1 ratio, concluding that $13,000 in possible compensatory damages – coupled with potential punitive award – was sufficient to meet the $75,000 threshold. *Id.*, at 2016 WL 164322 at *3 ("[a] potential $13,000.00 compensatory award is less than a 6 to 1 ratio, well within the 'single digit ratio' which the Supreme Court suggests complies with due process.") (citing *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). The *Gentiva Certified Healthcare Corp.* court concluded by holding that it "cannot find to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount." *Id.*

17. Here, a $50,000.00 compensatory award, augmented with a 6:1 ratio of punitive damages, would result in total judgment well in excess of the minimum amount in controversy. Defendant denies any liability, and certainly does not believe Plaintiff is entitled to such an award. However, Defendant has demonstrated that the amount in controversy requirement is met.

18. Finally, a substantial part of the events or omissions giving rise to the underlying claims occurred in this juridical district, making venue proper herein. 28 U.S.C. § 1391.

19. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal and a copy hereof have been served this day, June 11, 2021, upon Plaintiff, through her counsel of record, and upon the Clerk of the County Court of Hancock County, Mississippi. Said notices are attached hereto as "Exhibit C."

## ADOPTION AND RESERVATION OF DEFENSES

20. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Silver Slipper's rights to assert any defense or affirmative matter, including, but not limited to, defenses available under Rule 12 of the FED. R. CIV. P., Rule 12 of the MISS.R.CIV.P., any state or federal statute, or otherwise.

21. Silver Slipper reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Silver Slipper Casino Venture, LLC files this Notice of Removal for the purpose of removing this action from the County Court of Hancock County, Mississippi to the United States District Court for the Southern District of Mississippi, Jackson Division.

Done this the 11th day of June, 2021.

                                                          Respectfully submitted,

                                                          *s/ John P. Kavanagh, Jr.*
                                                          John P. Kavanagh, Jr.  (MSB No. 9499)
                                                          John Lassiter (MSB No. 102235
                                                          Attorneys for Defendant
                                                          Silver Slipper Casino Venture, LLC

OF COUNSEL:
Burr & Forman LLP
11 North Water Street, Suite 22200
Mobile, Alabama  36616
Post Office Box 2287
Mobile, Alabama 36652
Telephone: (251) 344-5151
Facsimile:  (251) 344-9696
Email:  jkavanagh@burr.com

Burr & Forman LLP
The Pinnacle at Jackson Place
190 E. Capital Street, Suite M-100
Jackson, Mississippi 39201
Telephone:  601-355-3434
Facsimile: 601-355-5150
Email:  jlassiter@burr.com

## CERTIFICATE OF SERVICE

  I hereby certify that on June 11, 2021 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel for all parties, should they have appeared and, if they have not yet appeared, by e-mail directed to them:

Toby L. Tatum, Esq.
2304 19th Street, Suite 101
Gulfport, MS 39501
Email: Tlenier111@yahoo.com
Phone:  228-209-0378

              *s/ John P. Kavanagh, Jr.*
              OF COUNSEL